In the Matter of the Estate of ABIGAIL CUNNIFF, Deceased.

HERBERT C. CUNNIFF, Individually and as Administrator, etc., of ABIGAIL CUNNIFF, Deceased, Appellant; THIRZA CUNNIFF, Respondent.*

Third Department, March 5, 1936.

*Fellows & McElwain* [*Isaiah Fellows* of counsel], for the administrator, appellant.

*Carter & Conboy*, for the respondent.

RHODES, J. The question here presented is whether under the Surrogate's Court Act the surrogate had authority in this proceeding to grant the order directing the sale of decedent's real estate for the payment of debts.

Abigail Cunniff died intestate a resident of Albany county, N. Y., on the 12th day of April, 1933. Letters of administration on her estate were issued to the appellant herein on the 18th day of May, 1933.

Deceased left certain real estate and certain personal property, the amount of such personal property being insufficient to pay her debts.

---

* Revg. 156 Misc. 596.

Thirza Cunniff, the petitioner-respondent herein, was a creditor of said deceased, and on November 25, 1933, she presented to said administrator a verified claim against said estate, which on January 4, 1934, the administrator rejected, but which was allowed by an order of the surrogate on May 20, 1935. No proceeding for such sale was begun by any one within eighteen months after the issuing of said letters of administration.

On January 16, 1935, the administrator applied to said surrogate for judicial settlement of his accounts, which said proceeding is still pending.

On July 8, 1935, said petitioner filed her petition herein setting forth her unpaid claim, the insufficiency of the personal estate to pay the same and alleging that the administrator has refused to commence a proceeding for the sale of the real estate of the decedent for the purpose of paying the unpaid debts and claims, and requesting that the administrator be cited to show cause before the said court why proceedings should not be commenced by him for the sale of said real estate for the payment of said debts. The administrator interposed an answer thereto alleging that the lien of all creditors of decedent had expired after eighteen months from the granting of the letters to the said administrator.

The surrogate then made the order here appealed from, which recites that the administrator herein has refused to commence a proceeding for the sale of decedent's real estate, and that this proceeding has been commenced during the pendency of the proceeding for the judicial settlement of the administrator's accounts, and orders that said real property be sold for the purpose of paying the debts of said decedent.

Section 233 of the Surrogate's Court Act provides that

" The real property, or interest in real property, of which a decedent died seized, may be disposed of as prescribed in this article * * *.

" But no such property, or interest in property, shall be mortgaged, leased or sold under an order in surrogate's court to satisfy any claim, debt or demand, unless the proceeding therefor, *or the proceeding in which such relief is asked,* shall have been commenced within eighteen months from the date when letters first issued to an executor or administrator, or unless the proceeding in which such relief is asked shall have been commenced *by an executor or administrator* during the pendency of a proceeding for the judicial settlement of his accounts." ·

As already stated, petitioner did not commence any proceeding for the sale of said real property within eighteen months after

the issuing of letters of administration, and no proceeding has been commenced by the administrator for such sale. Although the section permits such a sale to be ordered, during the pendency of a proceeding for the judicial settlement of the accounts of the administrator, such application for a sale must be made by the administrator. As the administrator has made no such application, and as the petitioner failed to make such application within eighteen months after the issuance of letters, the surrogate was without authority to make the order in question.

The order should, therefore, be reversed on the law, with costs, and the petition dismissed, with costs.

HILL, P. J., McNAMEE and BLISS, JJ., concur; CRAPSER, J., dissents and votes to affirm.

Order reversed on the law, with costs to the appellant against the respondent, and petition dismissed, with costs to the appellant against the respondent.